**Robert R. BOWEN and Elizabeth S. Bowen, Petitioners,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 82–3100.**

United States Court of Appeals, Eleventh Circuit.

June 6, 1983.

James H. Sheehan, Sheehan & Ball, John S. Ball, Jacksonville, Fla., for petitioners.

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Kenneth W. Gideon, Michael L. Paup, Chief Counsel, I.R.S., Melvin Clark, Atty., Dept. of Justice, Washington, D.C., for respondent.

Before RONEY and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Taxpayers Bowen won their case before the Tax Court of the United States. Four months thereafter they filed an application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).[1]

The Tax Court denied the petition on the ground that it did not have the power to make such an award.

1. This Act provides:

(d)(1)(A). Except as otherwise specifically provided by statute, a court shall award to a

The decision of the Tax Court is correct. The Equal Access to Justice Act is contained in Title 28 of the U.S. Code. This Title deals comprehensively with courts of the United States. It includes in § 451 the following definition:

As used in this title:

The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of Claims, the Court of Customs and Patent Appeals, the Customs Court and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

This definition thus makes the provisions of Title 28 relating to "Courts of the United States" applicable to Article III courts.

While this particular section speaks in terms of actions brought by or against the United States "in any court having jurisdiction of that action," we conclude that Section 2412(d)(1)(A) authorizes an award of attorney's fees only by an Article III court.

It is significant that the Tax Court of the United States exists under the aegis of Title 26 of the United States Code.

It is also clear that the legislative history, both at the time of, and following the enactment of the section, fully supports the construction placed upon it by the Tax Court.

Under Section 28 U.S.C. § 2412(a), as revised by the Equal Access to Justice Act (EAJA), a court may award those "costs" enumerated in 28 U.S.C. § 1920. While Section 1920 does not define the term "court," it refers to "any court of the United States." That term is defined in Section 451, *supra*. It does not include the Tax Court. Sections 2412(b) and (d) allow for fees and costs "in addition to those awarded pursuant to subsection (a)." It would certainly seem anomalous to hold that attorney's fees and other expenses could be

awarded by the Tax Court on the authority of Sections 2412(b) and (d), if the court has no authority to award costs under 2412(a).

Moreover, during debate on the EAJA, Senator Gaylord Nelson, a co-sponsor of the Bill, expressly addressed the issue. He stated that:

While this bill will provide for the fees to be paid in the tax-related matters being heard in the United States District Courts, [such as in suits for refund of overpaid taxes] it is not available in cases before the Tax Court.

Then, congressional action subsequent to the enactment of the EAJA confirms our understanding of the meaning of that Act. Considering it inappropriate to permit recovery of attorney's fees in an Article III court in a suit for refund while denying the right to such a recovery for success in a pre-payment status, Congress amended the Internal Revenue Code, 26 U.S.C. § 7430, to permit equal recovery in the Tax Court.

The legislative history again demonstrates the understanding of Congress that such a change was necessary to remedy the omission from 28 U.S.C. 2412(d), Section 125 Cong.Rec. S–10922 (daily ed., July 31, 1979); Hearings before the Subcommittee on Oversight of the Internal Revenue Service of the Senate Committee on Finance, 96th Cong. 1st Sess. at 77 (1979); H.R.Rep. No. 97–404, 97th Cong., 1st Sess. at 10 (1981).

We conclude that the Tax Court correctly held that it lacked authority to grant attorney's fees in this action. We do not reach the question whether, if it had possessed the power to do so, it would have been necessary for it to have declined to make an award in any circumstances.

The decision is AFFIRMED.

---

prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought

by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.