In re Marvin Lavern HILL, a/k/a Marvin L. Hill, SSN 523–76–3226, and Brenda Jean Hill, a/k/a Brenda J. Hill, SSN 521–84–6159, individually and d/b/a Original Hamburger Stand, Store # 388 and d/b/a Marv's Restaurant, Debtors.

Marvin Lavern HILL and Brenda Jean Hill, Plaintiffs,

v.

The UNITED STATES of America—INTERNAL REVENUE SERVICE, and John Gaudio, Trustee, Defendants.

Bankruptcy No. 84–B–00887–C.
Adv. No. 86–J–0265.

United States Bankruptcy Court,
D. Colorado.

March 13, 1987.

**518**

Marcia S. Kriger, John D. Moats, Thibodeau & Moats, P.C., Denver, Colo., for debtors.

Mark G. Fraase, U.S. Dept. of Justice, Tax Div., Washington, D.C., for I.R.S.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.*

Heard on January 26, 1987 on the debtors' complaint for: (1) a determination of tax liability pursuant to 11 U.S.C. § 505; (2) an order enjoining the Internal Revenue Service (IRS) from further collection efforts against the debtors; and (3) for an order requiring payment of the debtors' legal and accounting expenses by IRS.[1]

At the start of the hearing the attorney for IRS conceded that the debtors were entitled to a tax *refund* totaling $316.89, to be paid to the debtors within fourteen days. This stipulation settled a long standing question of tax liability, in favor of the debtors. The agreement which led to this stipulation was arrived at on January 20, 1987 after a hearing at which Bankruptcy Judge Brumbaugh imposed both monetary and evidentiary sanctions against IRS, on account of its conduct in this proceeding, up to that point. After the stipulation regarding tax liability was orally presented to the Court, there remained for determination the debtors' request for attorneys'

fees under 26 U.S.C. § 7430.[2] Because an award under § 7430 requires a finding by the Court that the position of IRS "was not substantially justified," we ruled that the evidentary sanctions already imposed by Judge Brumbaugh did not apply to the hearing on litigation costs, and over the debtors' objection, IRS was allowed to introduce evidence and call witnesses.

Section 7430 of the Internal Revenue Code allows a court to award reasonable litigation costs to a prevailing party in any civil proceeding brought against the United States (IRS) in connection with the determination of any tax due under Title 26. A proceeding under 11 U.S.C. § 505 to determine the debtors' tax liability comes within the statutory requirements of § 7430, that the action be a civil proceeding in a United States Court in connection with the determination of any tax due. To receive litigation costs under § 7430 a prevailing party must: 1) "establish that the position of the United States [IRS] ... was not substantially justified," and 2) either substantially prevail regarding the amount in controversy or with respect to the most significant issue presented. Because a controversy is settled by agreement or stipulation before the actual conclusion of litigation does not prevent the party from fitting the definition of a "prevailing party." *See Kaufman v. Egger*, 584 F.Supp. 872, 877–78 (D.Me.1984), *aff'd*, 758 F.2d 1 (1st Cir.1985).

■ On November 13, 1984 IRS filed a proof of claim for "unpaid" FICA/FUTA taxes in the amount of $16,349.06. Over the next two years, in a hard-to-believe scenario, the debtors attempted to resolve their problems with IRS regarding its proof of claim, which they contended was grossly excessive. IRS never amended or reduced the proof of claim, and debtors were forced

---

* Of the District of Rhode Island, sitting by designation.

1. This opinion constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rule 7052 and Fed.R.Civ.P. 52.

2. Section 7430 was amended by the Tax Reform Act of 1986, Pub.L. 99–514. For purposes of this decision, the most important changes were: 1) the maximum recovery of $25,000 was re-

moved, but attorneys' fees were limited to $75.00 per hour, unless the Court finds some other special factor justifying a higher award; 2) IRS conduct is to be judged by the standard of "was not substantially justified" instead of the prior "was unreasonable" standard. *See* § 151, Pub.L. 99–514. Since this proceeding was commenced after December 31, 1985 it is governed by § 7430 as amended. § 151(h)(1), Pub.L. 99–514.

to file an adversary proceeding against IRS for a determination of tax liability under § 505. The effect of the stipulation entered at the instant hearing was to allow debtors to receive a refund, rather than to owe taxes in excess of $16,000. Clearly, debtors are the prevailing party in this proceeding.

■ We also find and conclude that debtors exhausted their administrative remedies as required by § 7430. Mr. & Mrs. Hill first met with IRS in September 1984 in an attempt to work out their problems regarding the FICA/FUTA allegedly owed. Debtors were informed that their liability was around $1600, but shortly thereafter IRS filed its proof of claim for over $16,-000. Debtors were unable to resolve the discrepancies between what they believed they owed, what the IRS revenue officer "guestimated" they owed, and the proof of claim IRS filed, until the agreement reached on January 20, 1987 resulted in the stipulation entered January 26, 1987.

■ We have found that debtors are the prevailing party in this proceeding, and have exhausted all their administrative remedies. We now turn to the question whether the position of IRS was or was not substantially justified. The debtors, Marvin and Brenda Hill, had operated two restaurants which closed prior to the debtors' filing bankruptcy on March 1, 1984. Although they believed they were current on their FICA/FUTA tax payments, on their bankruptcy schedules they listed IRS as a creditor, with the amount owed as "unknown." IRS did not submit a proof of claim before the filing deadline, July 18, 1984, nor did it request an extension of time within which to file a proof of claim. Rather, on August 1, 1984 IRS recorded a Notice of Federal Tax Lien for $1788.69 against the debtors' property in Englewood, Colorado. Debtors testified that this notice provided their first knowledge of any problems with IRS concerning unpaid taxes. On November 13, 1984 IRS special

procedure staff filed a proof of claim for estimated, unpaid FICA/FUTA taxes of $16,349.06. In an attempt to resolve their growing dispute with IRS, debtors met in September, and again in November, 1984, with Revenue Officer Virginia M. Muwwakkil, who told them their tax liability was around $1600.[3] Ms. Muwwakkil testified that at one of these meetings she informed the debtors that a second employer identification number had been incorrectly assigned to them, and "guestimated" the amount they owed. She also testified, however, that she did not know how the proof of claim exceeding $16,000, far in excess of her "guestimate," was arrived at, nor could she explain why certain documents relating to the debtors' return could not be produced. The procedures used by IRS, as explained by Ms. Muwwakkil, left the debtors with the burden of having to justify their position to IRS, without benefit of their tax returns which were in the possession of IRS, which was either unwilling or unable to produce the records. The effect of the bureaucratic run-around engaged in by IRS was to frustrate the collection of data to resolve the debtors' problems, so that their only recourse was to file a complaint for a determination under § 505.

Debtors' problems with IRS continued into 1986. On March 17, 1986, in their continuing attempts to resolve this dispute, debtors filed a proof of claim on behalf of IRS, pursuant to 11 U.S.C. § 501, with the indication that they would seek a determination under § 505 of the amount owed. They filed the instant adversary proceeding on April 14, 1986.

Debtors' accountant testified that she contacted IRS special procedures section in February 1986 to obtain definite figures, so that whatever taxes were due could be paid, and the case closed.[4] In early March the accountant was informed that the debt-

---

3. This amount is fairly close to the amount stated in the Notice of Federal Tax Lien recorded August 1, 1984.

4. Tax debts owed to IRS are excepted from discharge. 11 U.S.C. § 523(a)(1)(A). The debtors would remain liable for such debts even after the bankruptcy case was closed.

ors owed over $18,000 and that two pre-petition cashiers checks sent by the debtors had "bounced." After furnishing IRS special procedures section with copies of checks honored and paid to IRS, and other information substantiating the debtors' position, the accountant never heard from special procedures again. The debtors met with revenue officer Muwwakkil again in early April, 1986 and provided her with more documents, and finally, they filed the instant adversary proceeding for a determination of liability under 11 U.S.C. § 505. Shortly thereafter, they received an IRS enforcement action letter dated April 15, 1986 claiming $18,953.18 owed. On June 5, 1986 debtors, their counsel, Ms. Muwwakkil and her supervisor met again. Liabilities and credits claimed by each side were compared, and the debtors left the meeting believing they at last had an agreement regarding their tax liability, with only a few loose ends to be resolved. Among these loose ends were two refund checks payable to the debtors which had to be traced. One check was traced and located, but the other was not found, so the matter was scheduled for hearing on the § 505 complaint on October 15, 1986. At that time monetary sanctions were imposed on IRS for various reasons, including the failure to make adequate disclosure in response to discovery requests. On January 20, 1987 IRS was again sanctioned and additional evidentary sanctions imposed, when IRS again presented totally new and different figures relating to its proof of claim. After that second set of sanctions, IRS apparently concluded that it could not justify its position concerning the debtors' tax liability, and agreed that, rather than owing unpaid taxes, the debtors were entitled to a refund.

The burden which IRS imposed on these debtors was an impossible one to meet, and amounted to unreasonable and unwarranted harrassment. Debtors received one estimate of tax liability from revenue officer Muwwakkil, while a totally different number was submitted in IRS's proof of claim. When the debtors attempted to resolve these discrepancies they were repeatedly frustrated. This lack of cooperation was so egregious that Judge Brumbaugh twice imposed substantial sanctions against IRS. The conduct displayed by IRS has not only unnecessarily burdened these debtors, but also has seriously impaired the administration of this case, because of IRS's refusal to behave reasonably in the course of this litigation. Accordingly, based upon the evidence in this proceeding, and the prior record in other proceedings, we find that the position of IRS was not substantially justified. In fact, the conduct of IRS in this case, when viewed cumulatively, borders on contempt.

■■ Co-counsel for the debtors have submitted applications which detail 153.6 hours expended, and request a total of $18,674.59 in legal fees and expenses plus $925.00 in accounting fees. We find the time expended to be reasonable and necessary in light of the unjustified, obdurate conduct of IRS, but the hourly rates requested (except for those of the accountant) exceed the statutory rates allowed by § 7430, as amended. Accordingly, $11,000 [5] is awarded to the debtors against IRS as reasonable litigation costs for both legal and accounting expenses.[6]

---

**5.** The highest amount recoverable under the statute as amended, would be $12,445. Counsel are being compensated at nearly the maximum allowable rate.

**6.** The amount awarded herein as reasonable litigation costs is exclusive of those monetary sanctions already imposed on the IRS.