922 F.2d 696
 67 A.F.T.R.2d 91-531, 59 USLW 2466, 91-1
USTC P 50,056,
24 Collier Bankr.Cas.2d 731, 21 Bankr.Ct.Dec. 427
 In re BRICKELL INVESTMENT CORP., Debtor.
INTERNAL REVENUE SERVICE, Plaintiff-Appellee,
v.
BRICKELL INVESTMENT CORP., Defendant-Appellant.
In re BRICKELL INVESTMENT CORP., Debtor.
INTERNAL REVENUE SERVICE, Plaintiff-Appellee,
v.
DADE HELICOPTER JET SERVICE, INC. and Tropical Helicopter
Airways, Inc., Defendants-Appellants.
 No. 89-6012.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 28, 1991.
 
 D. Jean Ryan, Law Office of D. Jean Ryan, Miami, Fla., for defendant-appellant.
 Gary R. Allen, Chief, Thomas R. Lamons, Pamela C. Berry, Gilbert S. Rothenberg, Charles Bricken, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before EDMONDSON and COX, Circuit Judges, and WISDOM*, Senior Circuit Judge.
 WISDOM, Senior Circuit Judge:
 
 
 1
 Dade Helicopter Jet Service, Inc., Brickell Investment Corp., and Tropical Helicopter Airways, Inc. ("debtors") appealed from an order of the district court which reversed and vacated an award of attorney's fees made to the debtors by the bankruptcy court under 26 U.S.C. Sec. 7430, I.R.C. Sec. 7430. The district court held that the debtors were barred from receiving attorney's fees under Sec. 7430 since the debtors had not fully exhausted their administrative remedies as required by that statute. We REVERSE the district court's finding that the debtors did not fully exhaust their administrative remedies. Because we find that the bankruptcy court did not have jurisdiction to award attorney's fees under 26 U.S.C. Sec. 7430, we REMAND this case to the district court with instructions either to return the case to the bankruptcy court for the submission of findings of fact and conclusions of law to the district court or to allow the debtors to renew their application for fees directly to the district court.
 
 BACKGROUND
 
 2
 This litigation began when the Internal Revenue Service ("I.R.S.") filed liens for employment taxes due against Dade Helicopters, Inc., Dade Helicopters Service, Inc., and Tropical Helicopters, Inc. In an attempt to collect these taxes, the I.R.S. made a pre-petition nominee assessment against two of the debtors and eventually seized essentially all of the assets of the debtors, Dade Helicopter Jet Service, Inc., Brickell Investment Corp., and Tropical Helicopter Airways, Inc., on the theory that each of these debtors was the alter ego of the taxpayer who owed money.[1] This seizure of assets caused an "immediate shutdown of the debtors' total business operations." In re Brickell Invest. Corp., 96 B.R. 400, 401 (Bankr.S.D.Fla.1989), rev'd., 90-1 U.S. Tax Cas. p 50,022 (S.D.Fla.1989). On July 7, 1987, Dade Helicopter Jet Service, Inc. and Tropical Helicopter Airways, Inc., filed petitions for relief under Chapter 11 of the bankruptcy code; on July 9, 1988, Brickell Investment Corp. filed a similar petition for relief.
 
 
 3
 The debtors filed complaints with the bankruptcy court, seeking to recover the property seized by the I.R.S. As a result, the debtors and the I.R.S. entered into an adequate protection agreement providing that the debtors could possess and use the seized property in exchange for conditions protecting the I.R.S.'s interests.
 
 
 4
 On October 30, 1987, the I.R.S. filed proofs of claims against each debtor in the approximate amount of $52,000. On December 4, 1987, the debtors filed their objections to the proofs of claim, on the basis that the claims were for tax liabilities incurred by entities that were separate and distinct from the debtor corporations, and that the debtors were not liable for the obligations. The Bankruptcy Court sustained the debtors' objection, holding that neither Dade Helicopter Jet Service, Inc. nor Tropical Helicopter Airways, Inc. was the alter ego of any of the non-debtor taxpayer corporations. See also In re Brickell, 96 B.R. at 404, where the bankruptcy court found that the I.R.S.'s position was "totally unjustified."
 
 
 5
 On December 22, 1988, the debtors filed a motion for costs and attorney's fees in accordance with 26 U.S.C. Sec. 7430. The bankruptcy court determined that such payment was appropriate and awarded fees of $12,343.75 to the debtors.
 
 
 6
 The I.R.S. appealed the bankruptcy court's fee award to the district court for the Southern District of Florida. The I.R.S. argued that (1) sovereign immunity barred a fee award, (2) the motion for costs and fees was untimely, (3) the debtors had failed to exhaust their administrative remedies as required by 26 U.S.C. Sec. 7430, (4) the actions of the I.R.S. were substantially justified, and (5) any fee award could not exceed $75 an hour. The district court reversed and vacated the decision of the bankruptcy court, finding that the debtors should have sought administrative resolution of the matter before filing their petition in bankruptcy, and therefore could not be awarded attorney's fees and costs under Sec. 7430.
 
 
 7
 The debtors appealed to this Court, and we heard oral arguments on August 29, 1990. After oral arguments, the Court asked the parties to submit supplemental briefs on the issue of whether a bankruptcy court has jurisdiction to award fees under Section 7430 of the Internal Revenue Code.
 
 DISCUSSION
 I. Jurisdiction
 
 8
 A. Bankruptcy Court's Jurisdiction to award fees under Sec. 7430.
 
 
 9
 As far as our research shows, the issue of whether a bankruptcy court has jurisdiction to award fees under Sec. 7430 of the Internal Revenue Code has not been addressed directly by any federal court.[2] Although this issue was not raised initially by the parties, this Court is obliged to address this jurisdictional issue sua sponte, and with special regard to our recent decision in In re Davis, 899 F.2d 1136 (11th Cir.1990). In re Davis held that the bankruptcy court did not have jurisdiction to award attorney's fees under the Equal Access to Justice Act ("EAJA") and that the trustee of a bankruptcy estate did not qualify as a "party" eligible to apply for such fees under EAJA.
 
 
 10
 Section 7430 of the Internal Revenue Code provides in pertinent part:
 
 
 11
 (a) In general.--In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for--
 
 
 12
 (1) reasonable administrative costs ..., and
 
 
 13
 (2) reasonable litigation costs....
 
 
 14
 . . . . .
 
 
 15
 (c) Definitions.--For purposes of this section-- ...
 
 
 16
 (6) Court proceedings.--The term "court proceeding" means any civil action brought in a court of the United States (including the Tax Court and the United States Claims Court).
 
 
 17
 Thus, for a bankruptcy court to have jurisdiction under Sec. 7430, it must be considered a "court of the United States." It is undisputed that a bankruptcy court is not an Article III court. See Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 60-61, 102 S.Ct. 2858, 2865-66, 73 L.Ed.2d 598 (1982). With respect to statutes other than 26 U.S.C. Sec. 7430, this Circuit has adhered to the position that the phrase "court of the United States" should be interpreted to mean an Article III court.[3] In Bowen v. Commissioner of Internal Revenue, 706 F.2d 1087 (11th Cir.1983) this Court held that despite the Equal Access to Justice Act's ("EAJA") reference to "any court having jurisdiction of the action," only a "court of the United States," as defined by 28 U.S.C. Sec. 451 as an Article III court, has jurisdiction to award attorney's fees under Sec. 2412(d)(1)(A) of EAJA. Bowen held specifically that the Tax Court, which is not an Article III court, did not have jurisdiction under EAJA Sec. 2412(d)(1)(A).[4] This Court recently followed Bowen in In re Davis which held that a bankruptcy court, because it is not an Article III court, lacks jurisdiction to award fees under the EAJA.
 
 
 18
 In In re Davis this Court was interpreting 28 U.S.C. Sec. 2412(d)(1)(A) which states that attorney's fees are awardable by "a court ... in any civil action ... brought by or against the United States in any court having jurisdiction of that action...." Relying both on Bowen and the fact that the language of Sec. 2412(d)(1)(A) is identical in relevant part with 28 U.S.C. Sec. 2412(b), the legislative history of which states that courts empowered to award fees are those defined in 28 U.S.C. Sec. 451[5], this Court found that there was nothing to suggest that there should be any different definition of the courts empowered to award attorney's fees under Sec. 2412(d)(1)(A). The In re Davis court discussed in detail the history of the amendment to the EAJA, which provides that "court" includes the United States Claims Court, a non-Article III court. See 28 U.S.C. Sec. 2412(d)(2)(F). We stated:
 
 
 19
 The extension of EAJA jurisdiction to the Claims Court thus appears to have been a particularized response to the transitional problems created by the FCIA [Federal Courts Improvement Act of 1982]. Congress's failure to make any similar clarifying amendment with regard to the Tax Court or the bankruptcy courts supports the continuing vitality of Bowen.
 
 
 20
 In re Davis, 899 F.2d at 1139, n. 7.
 
 
 21
 The In re Davis court also acknowledged that limiting EAJA jurisdiction under Sec. 2412 to Article III courts is somewhat incongruous, given the fact that the administrative version of the EAJA, enacted at the same time as Sec. 2412, ... authorizes fee awards by any "agency that conducts an adversary adjudication." 899 F.2d at 1140, n. 7. This court held, however, that it was bound by Bowen.
 
 
 22
 The Equal Access to Justice Act was the predecessor of 26 U.S.C. Sec. 7430. Section 7430 supplanted the EAJA for the award of attorney's fees and costs in proceedings to which Sec. 7430 is applicable.[6] See Bowen, 706 F.2d at 1088. "Section 7430 was intended to do no more than supplant the EAJA in tax matters and share the common goal of the award of attorney's fees when the United States has acted unreasonably." Lawler v. United States, 16 Cl.Ct. 53, 88-2 U.S. Tax Cas. p 9621 (1988), citing Sharpe v. United States, 607 F.Supp. 4, 7-8 (E.D.Va.1984). "This does not mean, however, that the court may ignore or look askance at precedent developed under the EAJA to the extent it would be helpful in understanding or defining common issues,...." 16 Cl.Ct. at 58.
 
 
 23
 Interpretations of Sec. 7430 have relied on precedent interpreting former 28 U.S.C. Sec. 2412(d)(1)(A), the subsection of the former Equal Access to Justice Act which allowed for the award of attorney's fees incurred by a prevailing party in any civil action against the United States unless the United States' position was substantially justified. See Ewing and Thomas, P.A. v. Heye, 803 F.2d 613, 614-615 (11th Cir.1986).
 
 
 24
 We find that this Court's decision as to whether a bankruptcy court has jurisdiction to award Sec. 7430 fees is controlled by the reasoning of Bowen and In re Davis. Accordingly, we hold that since a bankruptcy court is not an Article III court, it cannot be considered a "court of the United States" for purposes of awarding fees under Sec. 7430.
 
 
 25
 The fact that Sec. 7430 expressly extended jurisdiction to the Tax Court and the Claims Court lends further support to our holding that these non-Article III courts would not have otherwise been given jurisdiction under the rubric of a "court of the United States." See In re Davis, 899 F.2d at 1139, n. 7.
 
 
 26
 The Court in In re Davis suggested two possible means by which the bankruptcy court might obtain jurisdiction under EAJA, and these methods also apply to jurisdiction under 26 U.S.C. Sec. 7430. The first of these methods would be for the bankruptcy court to hear the proceeding and submit proposed findings of fact and conclusions of law to the district court, with the final judgment to be rendered by the district court after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected. See In re Davis, 899 F.2d at 1141. Alternatively, the bankruptcy court may hear and decide the issue, as a "related matter" pursuant to 28 U.S.C. Sec. 157(c)(2), with the express consent of the parties.
 
 
 27
 In discussing the first method, the court noted the difference between "core" proceedings which a bankruptcy court may resolve, see 28 U.S.C. Sec. 157(b)(1), and non-core matters, proceedings outside the scope of bankruptcy law. In re Davis stated that an application for attorney's fees under EAJA is clearly not a core proceeding.[7] Although debtors' counsel presents a persuasive argument as to why a request for attorneys fees as a result of a core proceeding should not be the basis of a separate contested matter, we are bound by the reasoning of this Circuit's earlier decision in In re Davis and must hold that an application for attorney's fees under 26 U.S.C. Sec. 7430 is a non-core proceeding.
 
 
 28
 Where a proceeding is not a core proceeding but is "related" to a case under Title 11, the bankruptcy court may submit proposed findings of fact and conclusions of law to the district court. The district court may enter a final order or judgment after considering the proposed findings and conclusions and reviewing de novo any matters to which a party has properly objected. See 28 U.S.C. Sec. 157(c)(1). An award of attorney's fees under Sec. 7430 could be made under this procedure without any problem under Bowen or In re Davis since the Article III district court would ultimately award the fees. See In re Davis, 899 F.2d at 1140. This was not, however, the method used here by the bankruptcy court, which entered its own order assessing attorney's fees and costs against the I.R.S. See In re Brickell, 96 B.R. at 404-05.
 
 
 29
 The second suggestion made by In re Davis was that the bankruptcy court could have considered the EAJA application under the consensual referral provision of 28 U.S.C. Sec. 157(c)(2) which states that "the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge." The debtors' counsel argues that the I.R.S. chose its forum and the procedures to be applied by filing claims against the bankruptcy estate and has therefore consented to the jurisdiction of the bankruptcy court. At most the I.R.S. can have been said to have impliedly consented to the jurisdiction of the bankruptcy court over a Sec. 7430 fee award. Bankruptcy Rule 7012(b), however, requires express consent.[8] As in In re Davis, the express consent of the parties is lacking here. Consequently, this approach was not used as the basis of the bankruptcy court's jurisdiction over the debtors' action to recover fees under Sec. 7430.
 
 
 30
 Because the bankruptcy court did not exercise jurisdiction by means of either of the two above-described methods, this Court's holding in In re Davis compels the conclusion that the bankruptcy court improperly exercised jurisdiction by entering an award of fees under Sec. 7430.
 
 
 31
 B. Debtor in possession as proper party to request Sec. 7430 fees.
 
 
 32
 In re Davis also held that a bankruptcy trustee was not an eligible party to seek EAJA fees. The court concluded that a bankruptcy estate does not fit into the concept of "organization" as intended in the Sec. 2412(d)(2)(B) definition of a "party" eligible to bring an EAJA application.[9] See In re Davis, 899 F.2d at 1142-45.
 
 
 33
 The debtors' counsel contends that the factual situation is not the same in the case at hand since Sec. 7430 makes fees available to any "prevailing party." Section 7430(c)(2)(A)(iii) provides, however, that a "prevailing party" eligible for an award of fees under that statute must also meet the requirements of 28 U.S.C. Sec. 2412(d)(2)(B). Thus, Sec. 7430 incorporates by reference the same statutory language that this court in In re Davis held a bankruptcy estate fails to satisfy.
 
 
 34
 The I.R.S. argues that the analysis in In re Davis indicates that the relevant question was whether the bankruptcy estate (not the trustee alone) satisfied the requirements of Sec. 2412(d)(2)(B), see 899 F.2d at 1143-44. The I.R.S., therefore, argues that since a debtor in possession stands effectively in the same position as a trustee with respect to the conduct of litigation on behalf of the bankruptcy estate, (see 11 U.S.C. Sec. 1107), In re Davis should control.
 
 
 35
 We disagree. A key difference between the debtors' case before us and the In re Davis case is that the case before us was filed under Chapter 11 of the Bankruptcy Code whereas the debtors in In re Davis filed their bankruptcy petition under Chapter 7 of the Bankruptcy Code. Chapter 11 of the Bankruptcy Code applies to reorganizations; Chapter 7 applies to liquidations. In a Chapter 7 bankruptcy case a trustee is always appointed,[10] and the trustee's duties are basically to gather the debtor's assets, convert them into cash, and distribute the cash to the debtor's creditors.[11] In Chapter 11 reorganizations, a trustee may be appointed[12] or the debtor in possession may perform the functions of a trustee,[13] which usually includes the operation of the debtor's business.[14] A Chapter 11 reorganization is very different from a Chapter 7 liquidation in that the debtor intends to remain a continuing entity rather than rid itself of its assets.
 
 
 36
 The In re Davis court reflected on the transient nature of the bankruptcy estate, stating that it did not even exist before bankruptcy or while the conduct which was the subject matter of the lawsuit for which attorney's fees were sought was ongoing. See In re Davis, 899 F.2d at 1144. In Chapter 11 reorganization such as the debtors', the corporations are continuing entities which existed and operated before the bankruptcy petition was filed and will continue to operate as corporations after they are released from bankruptcy. Although a bankruptcy estate in a Chapter 7 liquidation does not meet the definition of "organization", the debtors in possession in the case at hand are and will continue to be corporations, entities which by the clear language of 28 U.S.C. Sec. 2412(d)(2)(B)(ii) are parties eligible for a fee award.
 
 
 37
 Accordingly, we hold that a debtor in possession who is a corporation in a Chapter 11 reorganization is a proper party to request an award of attorney's fees under 26 U.S.C. Sec. 7430.
 
 
 38
 We have determined that the debtors in possession were prevailing parties eligible to request Sec. 7430 fees but that the bankruptcy court improperly exercised its jurisdiction by awarding attorney's fees under Sec. 7430. Accordingly, we remand this case to the district court with instructions either to remand the case to the bankruptcy court for the submission of findings of fact and conclusions of law to the district court or to allow the debtors to renew their application for fees directly to the district court.
 
 
 39
 II. Whether the debtors exhausted all appropriate administrative remedies in accordance with Sec. 7430
 
 
 40
 We find that the district court erred in holding that the debtors are not entitled to costs and fees under Sec. 7430 because they failed to exhaust their administrative remedies as required by that statute.
 
 
 41
 Under Sec. 7430, a prevailing party may be awarded costs and attorney's fees in any court proceeding against the United States disputing the payment of taxes, if the position of the United States was not "substantially justified." Before costs and fees may be awarded, however, the court must determine whether the prevailing party exhausted its administrative remedies before filing suit. See 26 U.S.C. Sec. 7430(b)(1). The Eleventh Circuit requires that administrative remedies be exhausted regardless of the "unfairness" involved. See Ewing & Thomas, P.A. v. Heye, 803 F.2d 613, 616 (11th Cir.1986).
 
 
 42
 The I.R.S. contends that the debtors were precluded from receiving an award of costs and fees because they failed to exhaust their administrative remedies before filing the bankruptcy petition. Under the regulations, the appropriate procedure for challenging a wrongful levy or seizure would have been to submit a written claim for relief to the District Director of the I.R.S. See 26 U.S.C. Sec. 7430(b)(1). At the end of five days, the debtors are considered to have exhausted their administrative remedies. See Treas.Reg. Sec. 301.7430-1(d).
 
 
 43
 We agree with the debtors' position that the award of attorney's fees was not rendered against the I.R.S. because of its initial seizure of the debtors' assets before the debtors' filing for bankruptcy. The debtors would clearly not have satisfied the Sec. 7430 requirement of exhaustion of administrative remedies before obtaining attorney's fees against the I.R.S. for its wrongful seizure of assets since the debtors filed a bankruptcy petition rather than appealing the I.R.S.'s action to the District Director. See Rosenbaum v. I.R.S., 615 F.Supp. 23 (N.D.Ohio 1985). This dispute was settled by the adequate protection agreement arranged between the parties.
 
 
 44
 The award of attorney's fees was made against the I.R.S. because the bankruptcy court determined that the I.R.S. was "substantially unjustified" in filing its proof of claim. Once the I.R.S. filed a proof of claim, there were no administrative remedies available to the debtors. The debtors' only remedy was the remedy they pursued, which was to object to the proofs of claim under the Bankruptcy Code rules. It was this action in which the debtors prevailed in and which was the basis for the attorney's fee award. See In re Brickell Invest. Corp., 96 B.R. 400 (Bankr.S.D.Fla.1989).
 
 
 45
 There is some evidence, however, that the bankruptcy court improperly took into account the I.R.S.'s initial seizure of the debtors' assets in making its determination of the fee award. The bankruptcy court stated that "[t]he wrongful seizure by the I.R.S. caused the complete cessation of the debtors' business. By their own actions, the I.R.S. barred any meaningful potential the debtors may have had to resolve this dispute through administrative channels." In re Brickell Invest. Corp., 96 B.R. at 404.
 
 
 46
 Attorney's fees may be awarded against the I.R.S. for filing an unjustified proof of claim, and there are no administrative remedies which the debtors must first satisfy to obtain such an award. Although the debtors are entitled to an award of attorney's fees if the I.R.S.'s filing of the proofs of claim was unjustified, that award should not include compensation based on the I.R.S.'s initial seizure of assets since the debtors did not exhaust the administrative remedy available to them of filing a written claim with the District Director but instead proceeded directly into bankruptcy court.
 
 
 47
 We REVERSE the district court's decision barring the debtors from receiving attorney's fees under Sec. 7430 because of their failure to exhaust administrative remedies, and REMAND for proceedings consistent with this opinion.
 
 
 
 *
 Honorable Judge John Minor Wisdom, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The debtors do have corporate names similar to the non-debtor taxpayers
 
 
 [2]
 Many bankruptcy courts, however, have assumed that they have the authority to award fees under this statute and have awarded (or declined to award) such fees without addressing the issue. See In re Olson, 100 B.R. 458 (Bankr.N.D.Iowa 1989); In re Graham, 106 B.R. 692, 89-2 U.S.Tax.Cas. p 9624 (D.C.Colo.1989); In re Kiker, 98 B.R. 103, 105-06 (Bankr.N.D.Ga.1988); In re Academy Answering Services, Inc., 90 B.R. 291, 292 (Bankr.N.D.Ohio 1988) (I.R.S. took position that bankruptcy court could award Sec. 7430 fees); In re Hill, 71 B.R. 517 (Bankr.D.Colo.1987). Other courts have reviewed Sec. 7430 awards made by bankruptcy courts without raising this issue. See In re Robidoux, 116 B.R. 320 (D.C.Mass.1990)
 
 
 [3]
 See also Matter of Richardson, 52 B.R. 527, 531-32 (Bankr.W.D.Mo.1985) (Bankruptcy court is not a "court of the United States" for purposes of imposing attorney's fees under 28 U.S.C. Sec. 1927); In re Bauckey, 82 B.R. 13 (Bankr.N.J.1988) (Bankruptcy court is not a "court of the United States" for purposes of waiving filing fees under 28 U.S.C. Sec. 1915); Matter of Becker's Motor Transp., Inc., 632 F.2d 242, 247 (3rd Cir.1980) (Bankruptcy court is not a "court of the United States" for purposes of 28 U.S.C. Sec. 2201 ban)
 
 
 [4]
 See also McQuiston v. Commissioner, 78 T.C. 807 (1982) (Tax Court, because it is not an Article III court, is not a "court of the United States" for purposes of awarding attorney's fees under EAJA)
 
 
 [5]
 Section 451 makes the provision of Title 28 relating to "courts of the United States" applicable to courts, "... the judges of which are entitled to hold office during good behavior."
 
 
 [6]
 EAJA Sec. 2412(e) provides that "the provisions of this section shall not apply to any costs, fees, and other expenses in connection with any proceeding to which Sec. 7430 of the Internal Revenue Code of 1954 applies."
 
 
 [7]
 In re Davis relied on the definition of non-core proceeding given in In re Wood, 825 F.2d 90, 97 (5th Cir.1987): "If the proceeding does not involve a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding...." In re Davis, 899 F.2d at 1140-41
 
 
 [8]
 Bankruptcy Rule 7012(b) provides that "[i]n non-core proceedings final orders and judgment shall not be entered on the bankruptcy judge's order except with the express consent of the parties."
 
 
 [9]
 Title 28 U.S.C. Sec. 2412(d)(2)(B) provides:
 "party" means (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed and which had not more than 500 employees at the time the civil action was filed; ....
 
 
 [10]
 See 11 U.S.C. Secs. 701-03
 
 
 [11]
 See 11 U.S.C. Sec. 704
 
 
 [12]
 See 11 U.S.C. Sec. 1104
 
 
 [13]
 See 11 U.S.C. Sec. 1107
 
 
 [14]
 See 11 U.S.C. Sec. 1108