**In re Jan M. BROWN, Pete D. Brown, Debtors.**

**Jan M. BROWN, Plaintiff,**

v.

**UNITED STATES of America acting By and Through the INTERNAL REVENUE SERVICE, Respondent.**

Bankruptcy No. 86–10031.
Adversary No. 93–01016A.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

July 10, 1997.

See also 1995 WL 776920.

Scott J. Klosinski, Augusta, Ga, for plaintiff.

Brian Kaufman, Dept. of Justice, Tax Division, Washington, DC, for respondent.

### *ORDER*

JOHN S. DALIS, Chief Judge.

Jan M. Brown (hereinafter "Debtor") filed this action against the United States of America, acting by and through the Internal Revenue Service (hereinafter "I.R.S.") for violating the stay of 11 U.S.C. § 362 and the discharge injunction of § 524. At trial, the I.R.S. admitted violating the automatic stay and discharge injunction by "freezing" a post-petition tax refund because of the Debtor's outstanding pre-petition tax liability and by filing a lien against the Debtor's home, but contested the Debtor's claim for damages. Following trial, I awarded the Debtor $4,000.00 in actual damages and took under

advisement the Debtor's claim for attorney's fees and costs.

The Debtor and her now deceased husband, Pete Brown, filed for relief under Chapter 13 of Title 11 United States Code on January 7, 1986, listing the I.R.S. as an unsecured creditor. The I.R.S. filed a proof of claim for $9,240.14, which claim was paid in full over the life of the plan pursuant to the order of confirmation dated June 10, 1986. On November 19, 1990, the Debtors received a discharge after making all plan payments. The case was closed on December 3, 1990. On February 10, 1993 the Debtor filed a motion to reopen her Chapter 13 case under 11 U.S.C. § 350(b) to file this adversary proceeding against the I.R.S. for violating the discharge injunction and the automatic stay. The motion to reopen was granted on March 8, 1993, and the Debtor filed this adversary proceeding on March 12, 1993.

The Debtor's Chapter 13 plan provided for full payment of all of the Debtor's liabilities, including the $9,240.14 owed the I.R.S. for tax years 1981 through 1985. Notwithstanding the case filing and the imposition of the automatic stay, the I.R.S. withheld the Debtor's tax refund for 1987. This refund was not returned to the Debtor until four months following the filing of this adversary proceeding. In 1992, following the Debtors' discharge, the debtor husband died. Shortly thereafter, the Debtor began receiving collection letters from the I.R.S. for claimed 1981, 1982 and 1983 taxes. In October 1992, the I.R.S. filed a lien against the Debtor's residence. Because the Debtor believed that this lien would result in the immediate seizure of her house and removal of her personal possessions, the Debtor vacated the premises. Because no adverse actions were taken against the house, the Debtor later moved back in. Thereafter, the Debtor attempted to obtain a home equity loan to finance needed repairs on the residence, but could not because of the I.R.S. lien.

The Debtor, through an attorney, contacted the I.R.S. by telephone and with written correspondence in an attempt to recover the tax refund and to remove the lien from the home. In February 1992, the Debtor reopened her Chapter 13 case. The I.R.S. released the lien against the Debtor's residence on March 5, 1993. Following the filing of this adversary proceeding, the I.R.S. returned the Debtor's withheld refund with interest.

Although the I.R.S. did not directly contest this court's jurisdiction to enter an award of attorney's fees, in a footnote in its post trial brief it apparently does so now, citing *Internal Revenue Service v. Brickell Investment Corp. (In re Brickell Investment Corp.)*, 922 F.2d 696 (11th Cir.1991). The *Brickell* court held that a bankruptcy court is not a "court of the United States", and therefore lacks jurisdiction to award attorney's fees under the Internal Revenue Code attorney fee provision, 26 U.S.C. § 7430 [1]. Similarly, the Eleventh Circuit has ruled that a bankruptcy court lacks jurisdiction under § 2412(d)(2)(A) of Title 28, the Equal Access to Justice Act (hereinafter "EAJA"), to award a debtor attorney's fees against a governmental agency. *Gower v. Farmers Home Administration (In re Davis)*, 899 F.2d 1136 (11th Cir.1990), *reh'g denied* 908 F.2d 980 (11th Cir.1990), *and cert. denied*, 498 U.S. 981, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990). However, in both reported cases the adversary proceedings were filed against governmental agencies pri-

---

1. 26 U.S.C. § 7430 provides in material part:

(a) **In general.**—In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for—

(1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and

(2) reasonable litigation costs incurred in connection with such court proceeding.

. . .

(6) **Court proceedings.**—The term "court proceeding" means any civil action brought in a court of the United States (including the Tax Court and the United States Claims Court).

or to the 1994 amendment to 11 U.S.C. § 106. Under the 1994 amendment, a judgment for attorney's fees issued by a bankruptcy court against a governmental agency is enforceable "... as if it is a judgment rendered by a district court of the United States." 11 U.S.C. § 106(a)(4). Prior to the addition of this provision, debtors were forced to litigate the attorney fee issue against a governmental unit under either the EAJA or § 7430 in the district court because the Bankruptcy Code lacked statutory authorization for such an award. Although neither the EAJA nor § 7430 provide a bankruptcy court jurisdiction to enter an award of attorney's fees against a governmental unit, such statutory authorization is expressly stated in Bankruptcy Code § 106.

The I.R.S. asserts that the Debtor's claim for attorney's fees is controlled by 26 U.S.C. § 7430. This Internal Revenue Code provision applies to "... any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title." 26 U.S.C. § 7430(a). A "court proceeding" is defined in this section as "... any civil action brought in a court of the United States (including the Tax Court and the United States Claims Court)." 26 U.S.C. § 7430(c)(6). As discussed above, bankruptcy courts are not "courts of the United States" as defined in § 7430. See, *Brickell Investment Corp.*, 922 F.2d at 699–701. However, in this case the Debtor has not brought an administrative or court proceeding against the United States as defined by § 7430. Therefore, Section 7430 does not apply.

The damage provision of 11 U.S.C. § 362(h) [2] and the waiver of sovereign immunity in 11 U.S.C. § 106 [3] provides the basis for an attorney's fee award. Bankruptcy Code § 362(h) requires the recovery of actual damages "including costs and attorney's fees" to an individual injured, as I have found in this case, by a willful violation of the stay of 11 U.S.C. § 362(a). Under § 106(a)(3), a bankruptcy court may issue against any governmental unit a judgment for attorney's fees

---

2. 11 U.S.C. § 362(h) provides:
   (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

3. 11 U.S.C. § 106 provides:
   (a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
   (1) Sections 105, 106, 107, 108, 303, 346, 362, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 728, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.
   (2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.
   (3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for costs or fees under this title or the

Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.
   (4) The enforcement of any such order, process, or judgment against any governmental unit shall be consistent with appropriate nonbankruptcy law applicable to such governmental unit and, in the case of a money judgment against the United States, shall be paid as if it is a judgment rendered by a district court of the United States.
   (5) Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law.
   (b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.
   (c) Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

where authorized under the Bankruptcy Code such as § 362(h), and consistent with the provisions and limitations of § 2412(d)(2)(A) of Title 28, the Equal Access to Justice Act (EAJA).

Under § 106(a)(4), the *enforcement* of an award of attorney's fees, not the statutory basis for the award or the amount imposed, must be consistent with appropriate non-bankruptcy law applicable to such governmental unit. The I.R.S. argues that under this provision, as interpreted by the Eleventh Circuit Court of Appeals, a debtor must satisfy the statutory requirements of 26 U.S.C. § 7430 to recover attorney's fees for stay violations, citing *Jove Engineering, Inc. v. Internal Revenue Service (In re Jove Engineering, Inc.),* 92 F.3d 1539 (11th Cir.1996) and *Hardy v. United States (In re Hardy),* 97 F.3d 1384 (11th Cir.1996). The I.R.S. claims that the Debtor failed to exhaust all administrative remedies before commencing this adversary proceeding under § 7430(b)(1)[4], failed to establish that she is the "prevailing party" as defined by § 7430(c)(4)(A), and failed to establish that the requested award constitutes "reasonable litigation costs" that have been "paid or incurred" by the party under § 7430(c).

In *Jove Engineering, Inc.,* the Eleventh Circuit reviewed a district court decision holding that a corporate Chapter 11 debtor was entitled only to attorney's fees for the I.R.S.' willful violation of the automatic stay. *Jove Engineering, Inc.,* 92 F.3d 1539. The Eleventh Circuit upheld the district court's opinion that a corporate debtor was not an individual for purposes of 11 U.S.C. § 362, and therefore could not recover damages under this statute for the I.R.S.' stay violation. *Id.* at 1552–1553. However, the court re-

manded the case to the district court for a determination of willful contempt by the I.R.S. in violating the automatic stay, which finding would authorize the imposition of attorney's fees and costs. *Id.* at 1555–1560. In its conclusion, the court stated in dicta that the award of attorney fees "... must be consistent with 28 U.S.C. § 2412 and 26 U.S.C. § 7430." *Id.* at 1560.

The I.R.S. argues that this dicta requires me to apply the substantive provisions of § 7430 to any award of attorney's fees. The I.R.S. is incorrect. The contempt action in *Jove* was removed from the bankruptcy court to the district court, and therefore constituted a "court proceeding" as defined by § 7430. Awarding attorney's fees in this case without regard to the substantive provisions of § 7430 is in fact consistent with that section. By its terms, § 7430 is inapplicable to an adversary proceeding filed in a bankruptcy court because the bankruptcy court is not a "court of the United States" as defined in § 7430. This interpretation is consistent with Congress' intent in enacting the EAJA, which specifies that the EAJA applies only to attorney fee awards where § 7430 does not apply. 28 U.S.C. § 2412(e). By providing in § 106 that any attorney's fee award under that provision must comply with the EAJA without reference to § 7430, Congress recognizes the mutually exclusive application of the two statutes. This decision is not therefore inconsistent with *Jove.*

Finally, § 7430's only possible application to this case comes under Bankruptcy Code § 106(a)(4), which states that the *enforcement* of an order against a governmental agency must be consistent with non-bankruptcy law. Section 7430 contains no limitation on the *enforcement* of an award of attorney's fees made pursuant to the express provisions of the bankruptcy code and the EAJA, but only limitations on the circum-

---

4. Although the I.R.S. details the administrative remedies available to the Debtor to recover "frozen" her tax returns and to remove the liens filed against her home, the I.R.S. has identified no administrative remedies available to the Debtor for recovering damages for the I.R.S.'s automatic stay and discharge injunction violations. Where, as here, the Internal Revenue Code provides no administrative remedies for relief for violations of the Bankruptcy Code, debtors may commence an action in the Bankruptcy Court and recover attorney's fees as statutorily allowed against the I.R.S. *Brickell,* 922 F.2d at 704.

stances in which attorney's fees may be imposed in a court proceeding brought under § 7430. The mere fact that the I.R.S. is a defendant does not determine the application of § 7430. The nature of the claim asserted by the plaintiff, in this case for a willful violation of the stay of § 362(h) requiring an award of actual damages suffered as a result of the violation including reasonable attorney's fees, controls the applicable attorney's fee limitation statute, in this case the EAJA.

■ The Debtor applies for attorney's fees at a rate of $125.00 per hour. In support of this application, the Debtor presented evidence that this rate is consistent with the prevailing market rates for these services, which evidence was not rebutted by the I.R.S. I find that the Debtor has satisfied her burden of showing that the requested rate is in line with the prevailing market rates. *See e.g., Norman v. Housing Authority of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988). However, any award of attorney's fees against an agency of the United States is also subject to the limitations contained in the EAJA. *United States v. Flynn (In re Flynn),* 185 B.R. 89 (S.D.Ga.1995); *United States v. Washington (In re Washington),* 184 B.R. 172 (S.D.Ga.1995). The EAJA limits any award of attorney's fees to $75.00, adjusted for inflation from the date the statutory rate was set.[5] *Christoph v. United States,* 931 F.Supp. 1564 (S.D.Ga.1996). The following table indicates the appropriate rate payable for each year since the enactment of the $75.00 rate:

| Year | Consumer Price Index Increase | | Adjusted Rate |
|------|-------|----------|---------------|
| 1986 | — | — | $ 75.00 |
| 1987 | 4.4% | $3.30 | $ 78.30 |
| 1988 | 4.6% | $3.45 | $ 81.75 |

| | | | |
|------|------|-------|---------|
| 1989 | 4.6% | $3.76 | $ 85.51 |
| 1990 | 6.1% | $5.22 | $ 90.73 |
| 1991 | 3.1% | $2.81 | $ 93.54 |
| 1992 | 2.9% | $2.71 | $ 96.25 |
| 1993 | 2.7% | $2.60 | $ 98.85 |
| 1994 | 2.7% | $2.67 | $101.52 |
| 1995 | 2.5% | $2.54 | $104.06 |
| 1996 | 2.8%[6] | $2.91 | $106.97 |

*Id.* at 1568.

The Debtor seeks filing fees of $175.00 plus attorney's fees for 83.95 hours of service. This application is broken down by the year in which the services were rendered at the applicable statutory rates.

| 1993 | 21.55 | × $ 98.85 = | $2130.22 |
|------|-------|-------------|----------|
| 1994 | 11.4  | × $101.52 = | $1157.33 |
| 1995 | 17.25 | × $104.06 = | $1795.04 |
| 1996 | 33.75 | × $106.97 = | $3610.24 |
| | | Total | $8692.83 |

The IRS argues that I should only reimburse the Debtor for fees for 18.6 hours because after the Debtor's attorney expended this amount of time, the I.R.S. lifted the liens against the Debtor's home and paid the withheld refund with interest. The I.R.S. argues that after this point the Debtor protracted the litigation for an additional three years, making the fees unreasonable. However, while the I.R.S. provided an administrative remedy in ceasing its willful violation of the automatic stay, it offers no such remedy for paying damages for the violation. The litigation of this case was not protracted by the Debtor, but rather by the I.R.S.' objection to this court's subject matter jurisdiction to hear this action and by the I.R.S.' subsequent motion for summary judgment which alleged that it did not willfully violate the automatic stay as a matter of law. There is no evidence supporting the assertion that the Debtor unreasonable protracted this litigation. The time expended by counsel in representing the Debtor was reasonable in light of the tasks reasonably required of counsel in his representation in the case.

---

**5.** The EAJA was amended in July, 1996 to increase the hourly rate to $125.00. However, this amendment applies only to cases filed after July 1996, and thus the initial rate of $75.00, adjusted for inflation, applies here.

**6.** The court in *Christoh* used figures supplied by the Department of Health and Human Services, Assistant Secretary for Management and Budget. The court estimated the 1996 rate because that figure was not yet available. According to the *Economic Report of the President,* 1996 and *Economic Indicators,* March, 1996, the 1996 CPI was 2.8%.

It is therefore ORDERED that judgment is entered against the I.R.S. for $12,867.86 for the stay violation under § 362(h) and the violation of the discharge injunction of § 524; $4,000.00 in damages, $8,692.83 as reasonable attorney's fees, and $175.00 as filing fee less an offset due the United States of America for post bankruptcy filing taxes owed by the Debtor of $4,192.82 for a net award of $8,675.01 [7].

[7]. At the close of trial I stated my intention to offset against the award made to the Debtor any amount due the United States of America for unpaid taxes from the Debtor. The purpose of this offset is to clean the slate between the parties. Per my instructions following trial, the I.R.S., through counsel, has advised me, with copy of correspondence to Debtor's counsel that through calendar year 1995 the Debtor has an outstanding tax liability of $4,192.82 including interest and penalties. The Debtor has not responded to the notification which I take as a lack of objection as to the liability or amount due. Therefore, the outstanding balance of taxes due are offset against the award made.