In re Henry **GHERMAN**, First Financial Planning Corporation of South Florida, Inc., Financial & Investment Planning, Inc. (aka) FIP, Inc., Debtors.

Bankruptcy No. 88–03266–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Aug. 4, 1989.

See also Bkrtcy., 102 B.R. 270 and Bkrtcy., 105 B.R. 714.

Joel M. Aresty, Miami, Fla., for defendants Henry Gherman, First Financial Planning Corp., Financial & Inv. Planning, Inc., FIP, Inc., Pro–Med Services, Inc.

Thomas K. Equels, Holtzman, Krinzman & Equels, Coral Gables, Fla., Ronald G. Neiwirth, Miami, Fla., William R. Amlong, Amlong & Amlong, P.A., Ft. Lauderdale, Fla., for defendants Joan Gherman, Shari Gherman and Craig Gherman.

James S. Feltman, Miami, Fla., Chapter 11 Trustee.

Ronald R. Peterson, Jenner & Block, Chicago, Ill., John W. Kozyak, Miami, Fla., for Chapter 11 Trustee.

Schantz, Schatzman, Aaronson & Berlin, P.A., Miami, Fla., for Chapter 11 Creditors' Committee.

Alec Wallace, State Court Successor Receiver, Miami, Fla.

Robert L. Koeppel, Mitchell K. Karpe, Timothy J. Norris, Weil, Gotshal, Manges, Miami, Fla., for Alec Wallace.

Kevin C. Gleason, Acting Asst. U.S. Trustee, Miami, Fla.

## ORDER DENYING IN FORMA PAUPERIS MOTION

THOMAS C. BRITTON, Chief Judge.

Gherman's earlier motion that he be allowed to proceed in forma pauperis and that I provide him with an attorney skilled in bankruptcy law and "provide him with a copy of all documents, transcriptions, depositions, and correspondence relating to his bankruptcy case" was denied May 22, 1989 (CP 370). That Order is presently before the District Court on appeal.

Perhaps because the discussion contained in that Order related solely to the Sixth Amendment right to counsel, Gherman has renewed his motion, without any request that he be provided counsel. The instant motion, filed August 1, under 28 U.S.C. § 1915 is:

"to provide the debtor/defendants the means to get a copy of all documents, transcriptions, depositions & correspondence relating to the above style [sic] cases, and their appeal."

The fact that the discussion contained in the May 22 Order related solely to Gherman's request that he be provided counsel *did not* limit the holding in that Order. If this court presently has jurisdiction to modify or to recede from any part of that Order while it remains pending on appeal, this court will not do so.

### Discussion

In 10 *C. Wright, A. Miller & M. Kane, Federal Practice And Procedure:* Civil 2d § 2673, the authors state:

"As provided by the current statute [28 U.S.C. § 1915], in forma pauperis status may be claimed in any civil or criminal action or on appeal. *The one exception to this statement is bankruptcy proceedings as the Supreme Court has held that the statute is not applicable to those actions.*" (Emphasis added).

The authors also point out that even where § 1915 is applicable, the court *cannot* waive the clerk's fees [1], or the expense of providing court orders, transcripts of the record, or depositions. *Id.* at n. 1. These are the things Gherman now wants provided to him at public expense.

Gherman's request, it should also be noted, is on behalf not only of Gherman, who is serving a federal sentence after admitting the embezzlement of millions of dollars, only part of which has been accounted for, but also on behalf of two corporate Gherman, as well as for the processing of appeals and the assembly of an appellate record.

---

1. Clerks' fees are prescribed for the reproduction of the categories of papers specified by

debtor/defendants, Gherman's wife, his adult son, his adult daughter and her husband. Gherman's wife and family are represented by separate counsel. They have neither joined in the filing of this motion nor filed any such motion themselves.

It should also be noted that this request relates not only to the file of Gherman's bankruptcy case, # 88–03266, but also to # 88–03267 and # 88–03268, the files of the two corporate bankruptcies, and also to at least one adversary proceeding, a civil action removed from the State court to this court for trial, # 88–0581. The files of these four separate proceedings, not including trial exhibits, aggregate thousands of pages.[2]

The motion is denied.

DONE and ORDERED.

---

**2.** Currently, there are a total of 838 docket entries.