52 F.3d 321
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 In Re: Patricia W. FROMAL, Debtor.
Patricia W. FROMAL, Plaintiff-Appellant,
v.
Peggy JACKSON, Defendant-Appellee,
UNITED STATES TRUSTEE, Trustee,
Jack D. MANESS, Trustee-Appellee.
 No. 93-1883.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 18, 1995.
Decided: April 19, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert E. Payne, District Judge. (CA-93-294, BK-92-22543, BK-92-2172)
 Douglas Early Ballard, Virginia Beach, VA, for Appellant.
 John E. Robins, Jr., Hampton, VA, for Appellees.
 Before WILKINSON, NIEMEYER and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Patricia W. Fromal appeals from the district court's order affirming the bankruptcy court's denial of her request to pursue an appeal without prepayment of costs or fees. Fromal filed a voluntary petition in bankruptcy, under Chapter 7 of the Bankruptcy Code, in 1992. The bankruptcy court denied Fromal's discharge in bankruptcy because the court found that she had included false information in her schedule of unsecured claims and had concealed assets of the estate, in violation of 11 U.S.C. Secs. 727(a)(2), (4) (1988). Fromal appealed to the district court and filed a motion to proceed in forma pauperis, pursuant to 28 U.S.C. Sec. 1915(a) (1988). After a hearing on Fromal's motion, the bankruptcy court held that Fromal had not made the requisite showing of poverty and denied her request to proceed in forma pauperis.* The district court affirmed. Fromal appeals.
 
 
 2
 The district court's denial of in forma pauperis status is reviewed for abuse of discretion. Collier v. Tatum, 722 F.2d 653, 656 (11th Cir. 1983). The threshold requirement which must be met in order to proceed in forma pauperis is that the plaintiff show, by affidavit, that she is unable to pay court fees and costs. 28 U.S.C. Sec. 1915(a) (1988).
 
 
 3
 The bankruptcy court found that Fromal was "not in poverty" because she received $550 per month in rental income on property with a monthly mortgage payment of $200 and because she admitted owning a total of six parcels of real property. Those properties had a total market value, according to Fromal, of $162,500, with outstanding mortgage balances totalling only $39,000. In addition, the bankruptcy court found that Fromal had significant income potential, given her training and education (she is a certified public accountant).
 
 
 4
 The district court also found that Fromal had not made the requisite showing of poverty, relying in part on a previous order which had determined that Fromal could pay the costs of appeal. In re Fromal, Dist. Ct. No. 2:92CV973 (E.D.Va. Mar. 31, 1993). That determination was based on the same facts supporting the bankruptcy court's decision in this case--real property holdings with substantial positive net worth, rental income, and Fromal's accounting skills.
 
 
 5
 On this record, we find that neither the bankruptcy court nor the district court abused its discretion in denying Fromal's application to proceed in forma pauperis. We therefore deny Fromal's motion to proceed in forma pauperis and for a transcript at government expense and grant the Appellee's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. We have taken the Appellee's motion for sanctions under advisement and will dispose of that motion by separate order.
 
 DISMISSED
 
 
 *
 The bankruptcy court also held, in the alternative, that the privilege of proceeding in forma pauperis did not exist in bankruptcy, citing In re Perroton, 958 F.2d 889 (9th Cir.1992). Because we find that the denial of in forma pauperis status based on Fromal's failure to make the requisite showing of poverty was adequate to support the decisions in both the bankruptcy court and the district court, we decline to address the issue of whether in forma pauperis status is available in bankruptcy courts