**In re Tim S. JEYS, Debtor.**

**Tim S. Jeys, Appellant.**

**BAP No. UT–96–31.**
**Bankruptcy No. 96–21393.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Oct. 28, 1996.

---

---

Before PUSATERI, ROSE, and CORNISH, Bankruptcy Judges.

## CONDITIONAL ORDER OF DISMISSAL

### PER CURIAM:

Tim S. Jeys ("Debtor") is the debtor and appellant in the above-captioned bankruptcy proceeding. The Panel has received and reviewed the Debtor's "Motion to Proceed In Forma Papus [sic] and Affidavit of Impecuniosity."

Leave to prosecute an action in forma pauperis is governed by 28 U.S.C. § 1915, which provides that such leave may be granted by a "court of the United States." 28 U.S.C. § 1915(a). The term "court of the United States" is defined by 28 U.S.C. § 451. The Tenth Circuit Court of Appeals has held that "court of the United States," as used in 28 U.S.C. § 451, is limited to Article III courts. *Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd., Inc.),* 40 F.3d 1084, 1086 (10th Cir.1994). The Bankruptcy Appellate Panel is not an Article III court, and therefore lacks the power to grant leave to proceed in forma pauperis. *See Courtesy Inns,* 40 F.3d at 1086 (bankruptcy courts are not Article III courts); *Perroton v. Gray (In re Perro-*

*ton),* 958 F.2d 889 (9th Cir.1992) (bankruptcy courts do not have the power to grant leave to proceed in forma pauperis).

Accordingly, it is

ORDERED that the Debtor's motion for leave to proceed in forma pauperis is DENIED. The Debtor shall pay the appeal filing fee to the bankruptcy court within TEN (10) days of the date of this order, or this appeal will be DISMISSED.