**In re Jesse Junior SHERMAN and Doris Maye Sherman, Debtors.**

**Jesse Junior SHERMAN and Doris Maye Sherman, Plaintiffs—Appellants,**

v.

**P.J. ROSE, Defendant—Appellee.**

**BAP No. WY–98–017.**
**Bankruptcy No. 96–20133.**
**Adversary No. 97–2044.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Sept. 2, 1998.

As Amended on Denial of Rehearing Oct. 9, 1998.

---

Georg Jensen, Law Offices of Georg Jensen, Cheyenne, WY, for Plaintiffs–Appellants.

Bruce N. Willoughby and Joseph D. Richer, Brown, Drew, Massey & Sullivan, Casper, WY, for Defendant–Appellee.

Before McFEELEY, Chief Judge, BOHANON, and BOULDEN, Bankruptcy Judges.

## OPINION

BOHANON, Bankruptcy Judge.

On July 25, 1994, certain real property of the appellants was sold pursuant to state law for delinquent taxes. Subsequently the Certificate of Purchase was transferred to the appellee. On August 9, 1995, the appellee applied to the state courts for a tax deed to the property in question, which was granted.

The appellants filed for bankruptcy under Chapter 11 in early 1996. They subsequently filed a complaint alleging that the transfer of the real property violated 11 U.S.C. § 548(a)(2)(B) in that it occurred within one year preceding their petition and was for less

than reasonably equivalent value, and they were insolvent on the date of the transfer.

The bankruptcy court, after a trial, concluded that the transfer was not fraudulent and was conducted in accordance with state law. Further, the bankruptcy court concluded that the reasoning of *BFP v. Resolution Trust Corporation*, 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994), concerning foreclosure sales and the inapplicability of "fair market value" to such sales, also applied to tax sales. Thus, the bankruptcy court dismissed the appellants' complaint. This appeal followed.

### ISSUES

There are two issues presented by the appellants. First is whether the transfer of the real property, pursuant to a tax sale conducted under Wyo. Stat. Ann § 39–3–105, (subsequently amended in 1998) is avoidable under 11 U.S.C. § 548. Integral to this issue is whether the bankruptcy court improperly relied upon the reasoning in *BFP* as being applicable to tax sales. Second is the question of whether 11 U.S.C. § 548 must be pled as an affirmative defense.

### APPELLATE JURISDICTION

The parties have not raised any issues regarding our jurisdiction over this appeal. Nonetheless, we must independently assess whether we have jurisdiction to hear this appeal. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (federal appellate court must satisfy itself that it has jurisdiction over an appeal even if the parties concede it). *Accord, City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1045 n. 8 (10th Cir.1994), *cert. denied*, 513 U.S. 1191, 115 S.Ct. 1254, 131 L.Ed.2d 135 (1995).

The Bankruptcy Appellate Panel of the Tenth Circuit has general appellate jurisdiction to hear appeals from the bankruptcy courts within the Tenth Circuit, unless the appellant, at the time of the filing of the appeal, or any other party, within thirty days of service of the notice of appeal, elects to have the district court hear the appeal. 28 U.S.C. § 158; 10th Cir. BAP L.R. 8001–1(a)

& (d). In this matter, neither the appellants nor the appellee made such an election. Thus, this Court has general appellate jurisdiction.

A decision is ordinarily appealable if it is a final decision. *See* 28 U.S.C. § 158; 28 U.S.C. § 1291. A decision is considered final if it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)).

As this appeal was timely filed and the order being appealed is final, this Court has jurisdiction to hear this appeal. ·

### STANDARD OF REVIEW

The Bankruptcy Appellate Panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings. Fed. R. Bankr.P. 8013. "For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable de novo), questions of fact (reviewable for clear error), and matters of discretion (reviewable for abuse of discretion)." *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

In this matter, the issues before the court are questions of law. Therefore, the standard of review is de novo.

### ANALYSIS

■ The appellants claim that the defenses to an avoidance complaint arising under 11 U.S.C. § 548 must be raised affirmatively, which, they allege, the appellee failed to do. The appellants present no authority, statutory or decisional, which specifically states that the elements of 11 U.S.C. § 548 must be pled as an affirmative defense. It is the appellants' burden to prove each element of § 548(a)(2). *See BFP*, 511 U.S. at 535, 114 S.Ct. 1757. Rather, the appellants construct an argument based upon Fed.R.Civ.P. 8, which is adopted by Fed. R. Bankr.P. 7008. The appellants claim that this rule requires

that any avoidance to a pleading be presented as an affirmative defense.

However, appellants misconstrue the avoidance referred to in 11 U.S.C. § 548. Under this section of the Bankruptcy Code, an avoidance refers to the avoiding of a transfer. Fed.R.Civ.P. 8(c) avoidance refers to the escaping of responsibility for a claim or charge that is the subject of the pleading. Thus, the use of the term "avoidance" in each of these authorities is different, and it would be inappropriate to apply the same requirements of pleading to both of them. Moreover, this Court declines to extend to the concept of "reasonably equivalent value" under 11 U.S.C. § 548, the status of an affirmative defense.

■ Even accepting the appellants' position, their argument is without merit. Though the appellee did not specifically plead 11 U.S.C. § 548 as an affirmative defense, he did, in his fourth claim for relief in his Answer, deny that there was any fraud and deny that the property was recoverable under 11 U.S.C. § 548. Thus, the appellee, at least constructively, provided the necessary denial so that the requirements of Fed. R.Civ.P. 8, adopted by Fed. R. Bankr.P. 7008, were met.

■ Appellants also argue that the bankruptcy court erred by applying the standard for foreclosure sales presented in *BFP v. Resolution Trust Corporation*, 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994), to the tax sale of the real property in question.

11 U.S.C. § 548(a)(2) states:

(a) The trustee may avoid any transfer of an interest of the debtor in property . . . that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

. . . .

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made. . . .

11 U.S.C. § 548(a)(2)(A), (B).

The elements for an avoidable transfer under this statute are: 1) a transfer of the debtor's property, 2) within one year of the debtor's bankruptcy petition, 3) for less than a reasonably equivalent value, and 4) the debtor was insolvent on the date of the transfer.

There is no question that the transfer involved the appellants' property and that it occurred within one year of the appellants' bankruptcy petition. The order of the trial court, dismissing the appellants' complaint, was based upon the question of reasonably equivalent value and did not provide any findings on the debtor's insolvency. Further, the appeal was not taken upon the issue of insolvency. Thus, the only issue on appeal is whether the transfer was for a reasonably equivalent value.

The Supreme Court has stated that, with regard to mortgage foreclosures, reasonably equivalent value under 11 U.S.C. § 548 is the foreclosure sale price itself, provided the foreclosure sale was conducted in accordance with applicable state law. *BFP*, 511 U.S. at 549, 114 S.Ct. 1757. The principle of fair market value is not to be applied to any determination of whether the foreclosure sale price was a reasonably equivalent value under 11 U.S.C. § 548. However, the Court also specifically stated that this decision only applied to foreclosure sales. *Id.* at 537 n. 3, 114 S.Ct. 1757. Indeed, in note 3, the Court stated that the considerations for tax liens may be different.

There are several recent bankruptcy decisions which hold that the reasoning advanced in *BFP* does not apply to sales other than mortgage foreclosure sales sought to be avoided under § 548. *See D'Alfonso v. A.R.E.I. Inv. Corp. (In re D'Alfonso)*, 211 B.R. 508 (Bankr.E.D.Pa.1997); *Case v. TBAC–Prince Gardner, Inc. (In re Prince Gardner, Inc.)*, 220 B.R. 63 (Bankr.E.D.Mo. 1998); *Wentworth v. Town of Acton (In re Wentworth)*, 221 B.R. 316 (Bankr.D.Conn. 1998). Indeed, in *Prince Gardner*, the bankruptcy court indicated that in the majority of personal property transfers, a bankruptcy court may have the authority to determine reasonably equivalent value under 11 U.S.C. § 548. *Prince Gardner*, 220 B.R. at 66. This Court concludes that this interpretation is the proper analysis for applying the *BFP* decision with regard to Wyoming tax sales.

A number of bankruptcy courts have held that the rule announced by the Supreme Court in *BFP* is applicable to tax sales. One bankruptcy court held that the *BFP* rule was applicable as long as the procedures for a tax sale were sufficiently similar to a mortgage sale under state law concerning the protections and notice to the owner and whether each procedure allowed for competitive bidding. *Russell–Polk v. Bradley (In re Russell–Polk)*, 200 B.R. 218 (Bankr.E.D.Mo. 1996). *Accord, Golden v. Mercer County Tax Claim Bureau (In re Golden)*, 190 B.R. 52 (Bankr.W.D.Pa.1995); *Hollar v. Myers (In re Hollar)*, 184 B.R. 243 (Bankr. M.D.N.C.1995); *Lord v. Neumann (In re Lord)*, 179 B.R. 429 (Bankr.E.D.Pa.1995); *McGrath v. Simon (In re McGrath)*, 170 B.R. 78 (Bankr.D.N.J.1994).

In the instant matter, the tax sale was conducted in accordance with Wyoming law, which the parties agree mandated that the property be sold to a person selected in a random lottery for the amount of the outstanding taxes; in this case, less than $500. The Wyoming tax sale statutes do not permit a public sale with competitive bidding. *See* Wyo. Stat. Ann. § 39–3–105. In contrast, the Wyoming foreclosure sale statutes do require a public auction with, by definition, competitive bidding. *See* Wyo. Stat. Ann. § 1–18–101. Accordingly, there is a significant difference between the circumstances of this case and those surrounding the previously cited bankruptcy court decisions that have upheld the applicability of the *BFP* rule to tax sales. Even if *BFP* were held to be applicable to tax sales, here the transfer of the real property to the appellee would still be avoidable, for the Wyoming tax sale statutes do not have the protections as do the Wyoming foreclosure sale statutes, as discussed in *Russell–Polk, Golden, Hollar, Lord,* and *McGrath,* cited above.

■ Furthermore, the property in question in this case was valued at a price between $10,000 and $50,000. It was sold for only $450. Thus, on its face and as a matter of equity, the tax sale of the real property in question cannot, under any reasonable interpretation of 11 U.S.C. § 548, be considered reasonably equivalent value.

The appellee also argues that this Court should apply the standard established by the Court of Appeals for the Fifth Circuit, which held that, under 11 U.S.C. § 549, any tax sale conducted in accordance with state law should be considered valid under the *BFP* decision. *T.F. Stone Co., Inc. v. Harper (In re T.F. Stone Co., Inc.)*, 72 F.3d 466 (5th Cir.1995). The appellee argues that this same standard should also apply to 11 U.S.C. § 548. This argument is rejected: we hold that *BFP* is not applicable to tax sales under the Wyoming tax sale statute in which competitive bidding is not a component, and *Harper* did not address 11 U.S.C. § 548.

### CONCLUSION

This Court concludes that the order of the bankruptcy court, holding that the transfer of the real property in question was valid under 11 U.S.C. § 548 and that the reasoning of *BFP v. Resolution Trust Corporation*, 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994), applies to real property tax sales in Wyoming, is erroneous. Therefore, the order of the bankruptcy court is REVERSED, and the matter is REMANDED for further proceedings consistent with this ruling.