**In re Gary L. KING, doing business as Gary King Drapery Installation, and Thelma F. King, Debtors.**

**DPW Employees Credit Union, now known as Credit Union One, Appellant,**

v.

**Gary L. King and Thelma F. King, Appellees.**

**BAP No. 99-032.**
**Bankruptcy No. 98–00162.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

July 13, 1999.

PER CURIAM.

The matter before the Court is the Election to Have Appeal Heard in the United States District Court ("Election"), filed by Gary L. King ("Appellee"). For the reasons set forth below, we conclude that the Election must be granted, and the appeal transferred to the U.S. District Court.

## BACKGROUND

DPW Employees Credit Union ("Appellant") filed a notice of appeal from the decision of the Bankruptcy Court on April 26, 1999. Counsel for the Appellant served the notice of appeal on all parties on April 23. Pursuant to Fed. R. Bankr.P. 8004, the Bankruptcy Court served the notice of appeal on all parties on April 26. The Appellee filed his Election on May 28.

## DISCUSSION

Section 158 of Title 28, United States Code, provides in its relevant part that "each appeal ... shall be heard by a 3–judge panel of the bankruptcy appellate panel service ... unless—... (B) any other party elects, not later than 30 days after service of notice of the appeal...." 28 U.S.C. § 158(c)(1)(B).

Rule 8004 of the Federal Rules of Bankruptcy Procedure provides in part that:

> The clerk shall serve notice of the filing of a notice of appeal by mailing a copy thereof to counsel of record of each party other than the appellant or, if a party is not represented by counsel, to the party's last known address. Failure to serve notice shall not affect the validity of the appeal. The clerk shall note on each copy served the date of the filing of the notice of appeal and shall note in the docket the names of the parties to whom copies are mailed and the date of the mailing.

Fed. R. Bankr.P. 8004.

Rule 9006 provides in its relevant part that "[w]hen there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice ... and the notice ... is served by mail, three days shall be added to the prescribed period." Fed. R. Bankr.P. 9006(f).

The issue before the Court is what constitutes the service date for the purpose of 28 U.S.C. § 158(c)(1)(B). If the service date is simply the date that the notice of appeal was first served, regardless of who served it, then the time to file an election began on April 23, 1999. Thirty days from that date, plus three days for service by mail, is May 26, 1999, and the Election would be untimely. On the other hand, if the date of service is the date that the Bankruptcy Court served the notice of appeal, then the time to file an election did not begin running until April 26, 1999. Thirty days from that date, plus three days because service was by mail, is May 29, 1999, and the Election would be timely.

■ No party has challenged the Election. The question of whether a valid election has been filed is jurisdictional, however. Although an election does not determine whether ·the appeal will be heard, it does determine whether a party is entitled to have the appeal heard by an Article III court. *See In re Jeys,* 202 B.R. 153, 154 (10th Cir. BAP 1996) (Bankruptcy Appellate Panel is not an Article III court). This raises the validity of elections to a higher plane than venue, which only determines geographically the court that will hear a case (e.g., which bankruptcy court). Accordingly, we consider the validity of the Election sua sponte. *See Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986); *Alexander v. Anheuser–Busch Cos., Inc.,* 990 F.2d 536, 538 (10th Cir.1993); *Sherman v. Rose (In re Sherman),* 223 B.R. 555, 557 (10th Cir. BAP 1998).

■ We conclude that the time for filing an election runs from the date that the notice of appeal is served by the Bankrupt-

cy Court. *See In re Mackey,* 232 B.R. 784, 787–88 (9th Cir. BAP 1999).

First, this result is suggested by the plain language of Rule 8004 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 158(c)(1)(B). Although 28 U.S.C. § 158(c)(1)(B) is somewhat generic in its language, Congress would have known of Fed. R. Bankr.P. 8004, which requires the Bankruptcy Court to perform the service. In referring to service, then, Congress would have meant the service referred to in Bankruptcy Rule 8004.

Second, the time for filing an election should not begin to run until there is in fact an appeal in existence. Service by the Bankruptcy Court confirms that the appeal has actually been filed. Service by other parties will often predate the existence of an appeal, as was true here. *See* Fed. R. Bankr.P. 8008(a) (document mailed to the court is not filed until it is received).

Third, this result simplifies the calculation. It provides a clear, bright-line rule regarding when an election should be filed. The appellee will not face any confusion regarding whether service by another party triggers the time for filing an election. There are no other dates to consider.

■ Rule 8004 expressly contemplates the possibility that a Bankruptcy Court will fail to comply with its duty to serve the notice of appeal. At some point during an appeal the appellee may be deemed to have such constructive notice of the appeal that the time for filing an election will start to run. We leave that question for resolution in the appropriate case.

### CONCLUSION

Accordingly, it is HEREBY ORDERED THAT:

(1) The briefing schedule previously set by the Court is VACATED.

(2) The Election is GRANTED.

(3) This appeal is transferred to the United States District Court for the Northern District of Oklahoma.

(4) Pending completion of the record, the case file is transmitted to the U.S. Bankruptcy Court Clerk's Office. It is requested that the bankruptcy court acknowledge receipt of the case file listed above by returning one copy of this order, signed in the space indicated below.