**In re Scott Warner TAYLOR, (SS No. 322–70–4270), Debtor.**

**Bankruptcy No. 00–30015–K.**

United States Bankruptcy Court, W.D. Tennessee, Western Division.

Sept. 6, 2000.

As Amended Sept. 12, 2000.

Scott Warner Taylor, Mason, TN, Pro Se.

George W. Emerson, Memphis, TN, Chapter 7 Interim Trustee.

Ellen B. Vergos, Memphis, TN, United States Trustee, Region 8.

Madalyn S. Greenwood, Memphis, TN, Assistant United States Trustee.

### MEMORANDUM AND ORDER DENYING DEBTOR'S "APPLICATION TO PROCEED IN FORMA PAUPERIS" COMBINED WITH NOTICE OF THE ENTRY THEREOF

DAVID S. KENNEDY, Chief Judge.

The matter before the court arises out of an application filed by the above-named debtor, Scott Warner Taylor, acting pro se, seeking to waive the chapter 7 case

filing fee required by 28 U.S.C. § 1930(a)(1). By virtue of 28 U.S.C. § 157(b)(2)(A), this is a core proceeding.

The relevant case background facts are not in dispute and may be briefly summarized as follows: On August 17, 2000, the debtor filed an original petition under chapter 7 of the Bankruptcy Code accompanied by an "Application to Pay Filing Fee in Installments" pursuant to FED. R.BANKR.P. 1006(b). On August 22, 2000, the Bankruptcy Court Clerk for this Judicial District received a letter dated August 21, 2000, from the debtor, which letter, inter alia, referred to Local Bankruptcy Rule 1006(c).[1] On September 1, 2000, prior to a response by the Clerk, the debtor filed the instant "Application to Proceed In Forma Pauperis" under 28 U.S.C. § 1915[2] seeking to be allowed "to proceed without being required to prepay fees ... because of my poverty, I am unable to pay the costs...."

■ By way of historical background, the court notes that on October 27, 1993, H.R. 2519 was enacted. Section 111(d) of H.R. 2519 required the Judicial Conference of the United States to study the effect of waiving filing fees in no-asset chapter 7 cases for individual debtors who were unable to pay such fees in installments. At its March 1994 meeting the Judicial Conference approved the selection of the following six judicial districts to participate in the statutory three-year pilot program to study of the impact of in forma pauperis in chapter 7 cases: the Southern District of Illinois, District of Montana, Eastern District of New York, Western District of Pennsylvania, *Western District of Tennessee,* and the District of Utah. See *In re Clark,* 173 B.R. 142 (Bankr. W.D.Tenn.1994). *However,* the Congress failed to extend or codify the pilot chapter 7 fee waiver program after the three-year period expired. Accordingly, this court no longer has the statutory authority to waive the filing fee under 28 U.S.C. § 1930(a)(1). It is observed that pending S. 625, cited as the Bankruptcy Reform Act of 1999, was passed by the Senate on February 2, 2000 by an 83–14 vote.[3] After its introduction and prior to its passage, the Senate amended S. 625 to permanently establish in forma pauperis status in the nation's bankruptcy courts to expressly authorize the district or bankruptcy courts to allow the poorest of the poor to enter the bankruptcy system and have equal access to justice.[4]

By way of further historical background, in *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), the Supreme Court in a 5–4 decision held, inter alia, that Mr. Kras, an indigent debtor who sought access to the bankruptcy system,

---

1. L.B.R. 1006(c) provides in its entirety as follows:

    **In Forma Pauperis.** The Western District of Tennessee is currently one of six districts selected by Congress to participate in a pilot program to study the effects of allowing a chapter 7 no-asset debtor to receive a discharge of debts without paying the required filing fee. H.R. 2519, § 111(d). Guidelines and procedures have been adopted in this District by Standing Order, Misc. No. 94–3, and a copy of those guidelines and procedures may be obtained from the Clerk's Office. The pilot study is for a period of three years, beginning on October 1, 1994.

2. 28 U.S.C. § 1915, the general in forma pauperis statute, is entitled *Proceedings in forma pauperis.*

3. The September 5, 2000 edition of the *Washington Post,* p. A1, reported that the pending legislation on the subject of bankruptcy "hangs by a thread." It has been said that October 6, 2000 is the target date for the 106th Congress to adjourn sine die.

4. II section 420 of S. 625 (i.e., the Grassley, Torricelli, Feingold, Biden Amendment No. 1731 to S. 625), is ultimately passed by the Congress and later enacted, the district courts or the bankruptcy courts expressly may waive the chapter 7 filing fee under 28 U.S.C. § 1930 in appropriate cases. Ironically, the bankruptcy court is the only court of record that does not allow for in forma pauperis status. See 144 Cong. Rec. S 10695–01, S10698 (floor statements of Senator Feingold made on November 5, 1999).

had no right to obtain a discharge of debts under the former Bankruptcy Act unless he paid the case filing fee in full. The majority of the Supreme Court found that neither Mr. Kras' due process nor his equal protection rights were unconstitutionally violated by requiring the payment of the filing fee as a condition precedent to the granting of a bankruptcy discharge. *Kras*, 409 U.S. at 443–47, 93 S.Ct. at 637–39. According to the majority of the Court, a rational basis existed for the filing-fee requirement even for indigent debtors. *Id.* at 447–48, 93 S.Ct. at 639–40 (stating that the Congress sought to make the bankruptcy system self-sustaining). See also *In re Garland*, 428 F.2d 1185 (1st Cir.1970).

▉ The Bankruptcy Reform Act of 1978, effective October 1, 1979, repealed and replaced the former Bankruptcy Act. Pub.L. No. 95–598, 92 Stat. 2549 (1978). Section 246(a) of the Bankruptcy Reform Act ("Bankruptcy Code") created 28 U.S.C. § 1930(a), which requires the payment of the chapter 7 filing fee *"notwithstanding section 1915 of this title."* (emphasis added.) Thus, by virtue of 28 U.S.C. § 1930(a), neither the district or bankruptcy courts may permit truly indigent debtors to proceed in forma pauperis and obtain a discharge of debts under 11 U.S.C. § 727 and FED.R.BANKR.P. 4004(c). Under the existing law, payment of the chapter 7 filing fee under 28 U.S.C. § 1930(a)(2) is essentially a prerequisite or precondition to the granting of an individu-al's chapter 7 discharge and concomitantly failure to pay such fee is cause requiring a case dismissal under 11 U.S.C. § 707(a)(2) and FED.R.BANKR.P. 1017(b). It appears that 28 U.S.C. § 1930(a), for all practical purposes, codified the holding of the Supreme Court in *United States v. Kras*, supra.

Since this court does not have the statutory authority under the current law to waive the chapter 7 case filing fee required by 28 U.S.C. § 1930(a)(1) for indigent individuals (*i.e.*, the poorest of the poor), the debtor's instant application seeking to proceed in forma pauperis under 28 U.S.C. § 1915 is hereby denied, regardless of how meritorious it actually may be.[5] Debtor, however, may proceed under the installment filing fee procedure contained in FED. R.BANKR.P. 1006, as statutorily authorized by the flush paragraph at the end of 28 U.S.C. § 1930(a).[6] The Bankruptcy Court Clerk shall promptly send a copy of this Order and Notice to the persons listed below.

Based on the foregoing and consideration of the case record as a whole,

**IT IS SO ORDERED AND NOTICE IS HEREBY GIVEN.**

---

5. Senator Fiengold also stated, in connection with Amendment No. 1731 to S. 625, as follows:

> It is unbelievable to me that [in] bankruptcy ... a poor person cannot file in forma pauperis. That means that in any other ... civil proceeding you can file a case without paying the filing fee if the court determines that you are unable to afford the fee, but in bankruptcy you either pay the filing fee or you are denied access to the system. That doesn't make any sense. The bankruptcy system, is by definition designed to assist those who have fallen on hard times, but because there is no allowance for in forma

> pauperis, the system is unavailable to the poorest of the poor. This prohibition against debtors filing in forma pauperis is a clear obstacle to the poor gaining access to justice. 145 Cong. Reg. S14340–06, S14356.

6. The court has not been requested by the debtor to waive the fees required by Item (8) (the $30 miscellaneous administrative fee) and Item (8.1) ($15 trustee fee) contained in the *Judicial Conference Schedule of Fees* issued in accordance with and accompanying 28 U.S.C. § 1930(b). The issue regarding the possible waiver of these fees will be saved for another day. See, e.g., *In re McGinnis*, 155 B.R. 294 (Bankr.D.N.H.1993).