**In re Eduardo Leon DEL RIO, Debtor.**

**Eduardo Leon Del Rio, Movant,**

v.

**C. David Butler, United States Trustee Region 21 Respondent.**

**No. 00–20467.**

United States Bankruptcy Court, S.D. Georgia, Brunswick Division.

March 14, 2001.

Eduardo Leon Del Rio, Jesup, GA, pro se.

### REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT TO DENY IN FORMA PAUPERIS TO MOVANT[1]

JOHN S. DALIS, Chief Judge.

By motion, Eduardo Del Rio, pro se, seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915[2] on appeal of my order sustaining the dismissal of his Chapter 7 case. After review of the relevant authority, I recommend that the United States District Court for the Southern District of Georgia deny his motion as the bankruptcy court lacks authority to waive payment of required filing fees. Alternatively, I recommend that his motion be denied due to his failure to submit the required affidavit with his motion to proceed in forma pauperis.

The facts are as follows. On April 25, 2000, Eduardo Del Rio, "Debtor," filed this Chapter 7 case. The Debtor failed to appear at the scheduled § 341 meeting of creditors. The Honorable Lamar W. Davis, Jr., Judge of this Court, issued an order and notice to the Debtor requiring the Debtor to show cause why the case should not be dismissed for failure to appear at the § 341 meeting of creditors. The order and notice stated that any dismissal would be with prejudice barring the refiling of a case within 180 days. The Debtor responded by filing a "Motion to be Heard in Writing."

A hearing was set for August 10, 2000. Debtor filed a "Motion to Proceed on Discharge of Debtor." On July 28, 2000, the United States Trustee filed a motion to dismiss this Chapter 7 case pursuant to 11 U.S.C. § 707(a) and (b). Debtor filed a pleading entitled "Motion Objecting to 'Motion for Order Dismissing Chapter 7 case and Request for Production of Documents' with incorporated Motion to Proceed." In his motion, the Debtor reveals that he is incarcerated at the Federal Correctional Institute in Jesup, Georgia and anticipates release in 2014.

---

**1.** I am submitting a report and recommendation instead of an order on this matter in light of *Hardy v. Hardy*, Civ. Action No. 496–274, slip op. at 4–5 (S.D.Ga. January 30, 1997) (Edenfield, CJ.) wherein the Court adopted the "Davis" approach out of an "abundance of caution." The Court noted that *In re Davis*, 899 F.2d 1136 (11th Cir.1990) developed the option of submitting proposed findings of fact and conclusions of law to the district court obviating the need for that Court to decide whether the bankruptcy court has authority to grant in forma pauperis.

**2.** 28 U.S.C. § 1915(a) provides in pertinent part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress...

The Debtor failed to appear not only at the § 341 meeting, but also failed to appear at the August 10, 2000 hearing and I dismissed his case with prejudice. Debtor filed a "Motion for 'Relief From Order' Pursuant to Rule 60(b) of F.R.Civ.P." I entered an order on December 18, 2000, denying his motion for relief based upon his failure to comply with the requirements of 11 U.S.C. § 343 and Bankruptcy Rule 4002. In response to this order, the Debtor filed his "Notice of Appeal." The Bankruptcy Clerk sent the Debtor a "Memorandum of Defective Notice of Appeal." The notice of appeal is defective because it does not comply with the Official Form and Debtor failed to pay the $105.00 filing fee. Debtor filed a "Second Notice of Appeal with Incorporated Motion for Leave to Proceed In Forma Pauperis."

The issue presented is whether the bankruptcy court has the power to waive required filing fees. Under 28 U.S.C. § 1930(b) & (c), the Debtor is required to pay a $105 filing fee on the appeal to the Clerk of the United States Bankruptcy Court. I acknowledge that *Hardy v. Hardy,* Civ. Action No. 496–274, slip op. at 1 (S.D.Ga. January 30, 1997) (Edenfield, CJ.), which is binding precedent upon this Court, allows the bankruptcy court to grant applications to proceed in forma pauperis. In *Hardy,* the Honorable B. Avant Edenfield held that the bankruptcy court is empowered to grant applications to proceed in forma pauperis based upon the power that flows from the district court to a bankruptcy court as a "unit of the district court" pursuant to 28 U.S.C. § 151. *Hardy v. Hardy,* Civ. Action No. 496–274, slip op. at 3 (S.D.Ga. January 30, 1997)(Edenfield, CJ.); *Accord Huff v. Brooks (In re Brooks),* 175 B.R. 409, 412 (Bankr.S.D.Ala.1994); *McGinnis v. McGinnis (In re McGinnis),* 155 B.R. 294, 296 n. 1 (Bankr.D.N.H.1993). In *Hardy,* the bankruptcy court was required to sub-

mit proposed findings of fact and conclusions of law on the in forma pauperis issue to the district court for de novo review and entry of a final order. *Hardy,* slip op. at 4–5. However, with all due respect to the binding authority of *Hardy,* it is my recommendation that the rule in *Hardy* be reconsidered.

Contrary to *Hardy,* circuits other than the Eleventh considering the authority of the bankruptcy court to grant applications to proceed in forma pauperis have reasoned that as an Article I court, the bankruptcy court is not a "court of the United States," as defined in 28 U.S.C. § 451, and therefore, does not have the authority to waive filing fees pursuant to 28 U.S.C. § 1915. *In re Jeys,* 202 B.R. 153 (10th Cir. BAP 1996); *In re Perroton,* 958 F.2d 889 (9th Cir.1992); *In re Gherman,* 105 B.R. 712 (Bankr.S.D.Fla.1989); 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice And Procedure: Civil 2d* § 2673 at 251 (citing *U.S. v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973)). The cases point out that § 1915 pertains to "any court of the United States" and a bankruptcy court is not included in the definition set forth in § 451 which states:

> As used in this title [28]:

> The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

28 U.S.C. § 451.

The court in *Perroton,* thoroughly evaluated the definition in § 451, the statutory language and legislative history of § 1915 to conclude that bankruptcy courts cannot waive the required filing fees. *In re Per-*

roton, 958 F.2d 889 (9th Cir.1992). The court states:

> The fact that Congress initially amended § 451 explicitly to add bankruptcy courts whose judges are entitled to hold office for a term of fourteen years supports the assertion, already made above, that the "good behavior" language of § 451 included only Article III courts and not Article I bankruptcy courts. The ultimate rejection of this addition by a subsequent amendment is further indication that Congress did not intend § 451 to include the provisions embodied in the rejected amendment.

*In re Perroton,* 958 F.2d at 893.

 The Eleventh Circuit has not directly addressed the issue but has held that because a bankruptcy court is not an Article III court, it lacked jurisdiction to award attorneys fees under 28 U.S.C. § 2412(d)(1)(A). *In re Davis,* 899 F.2d 1136, 1140 (11th Cir.1990). *See In re Brickell Inv. Corp.,* 922 F.2d 696 (11th Cir.1991)(bankruptcy court was not a "court of the United States" with jurisdiction to award attorneys fees under 26 U.S.C. § 7430). In *Hardy,* the court states that *"Davis* is distinguishable because § 2412(b) expressly authorized awards only by courts defined in 28 U.S.C. § 451..." *Hardy,* slip op. at 3. However, after reviewing the *Davis* decision and § 2412(b), I respectfully disagree with *Hardy.* The statutory language of § 2412 is clear and unambiguous. It does not expressly limit the granting of attorney fees only by courts defined in § 451. 28 U.S.C. § 2412. After referring to *Bowen v. Commissioner of Internal Revenue,* 706 F.2d 1087 (11th Cir.1983) where the Eleventh Circuit held § 2412(d)(1)(A) authorized an award of attorneys' fees only by an Article III court, the *Davis* court concluded that the language of *Bowen* unambiguously controls the jurisdictional issue

presented. 899 F.2d at 1139. The *Davis* court then bolstered its conclusion by looking to the legislative history of § 2412(b), which stated that the courts authorized to award attorney fees are those defined in § 451 of title 28. 899 F.2d at 1139. The legislative history of § 1915 does not specifically state that the statute is limited to the definition in § 451. However, when the statutory language is unambiguous there is generally "no need for a court to inquire beyond the plain language of the statute." *U.S. v. Ron Pair Enterprises, Inc.* 489 U.S. 235, 240, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). The statutory scheme of title 28 and the language of § 1915 and § 2412(b) are clear and unambiguous. Section 1915 and 2412(b) of title 28 United States Code both confer upon a "court" the power to act in some capacity. Section 451 of that title defines "court" for purposes set forth in title 28. Bankruptcy courts are not within this definition of "court." Therefore, bankruptcy courts may not exercise the power conferred under § 1915 to waive the fees required under § 1930 of title 28. *Davis* and *Bowen* are indistinguishable and control the issue presented in this case.

Furthermore, the Eleventh Circuit in *Brickell* makes clear that "this circuit has adhered to the position that the phrase 'court of the United States' should be interpreted to mean an Article III court." 922 F.2d at 700. In support of the above-stated proposition, the Eleventh Circuit cites in a footnote *In re Bauckey,* 82 B.R. 13 (Bankr.N.J.1988), which held that a bankruptcy court is not a "court of the United States" for purposes of waiving filing fees under 28 U.S.C. § 1915. *Brickell,* 922 F.2d at 700 n. 3. The court also noted that "§ 451 makes the provision of Title 28 relating to 'courts of the United States' applicable to courts, '...the judges of which are entitled to hold office for good behavior'." *Brickell,* 922 F.2d at 700 n. 5.

Therefore, the definition must apply to § 1915 as § 1915 is within Title 28 United States Code.

*Hardy* may also be distinguished on a factual ground. The appellant in *Hardy* who sought to proceed in forma pauperis was not the debtor. She was an ex-spouse of the debtor seeking a determination that the debt owed to her was nondischargeable. Whereas, in the case sub judice the actual debtor, a convict, is seeking to proceed in forma pauperis. In *Hardy*, the court cites the cases of *Huff v. Brooks (In re Brooks)*, 175 B.R. 409, 412 (Bankr. S.D.Ala.1994) and *McGinnis v. McGinnis (In re McGinnis)*, 155 B.R. 294, 296 n. 1 (Bankr.D.N.H.1993), in support of its position. In *McGinnis*, like in *Hardy*, the debtor's ex-spouse was seeking to file a nondischargeability proceeding in forma pauperis. Likewise, in *Brooks* the debtor's half brother was seeking to proceed in forma pauperis to appeal a dischargeability order. In contrast, cases which deny the bankruptcy court the authority to grant in forma pauperis applications involve the debtor seeking to proceed in forma pauperis. *In re Jeys*, 202 B.R. 153 (10th Cir. BAP 1996); *In re Perroton*, 958 F.2d 889 (9th Cir.1992); *In re Gherman*, 105 B.R. 712 (Bankr.S.D.Fla.1989); *In re Ennis*, 178 B.R. 192 (Bankr.W.D.Mo.1995); *In re Taylor*, 252 B.R. 709 (Bankr.W.D.Tenn. 2000); *In re Fromal*, 52 F.3d 321, 1995 WL 230253 (4th Cir.1995)(unpublished). This factual difference is significant. The debtor chose the forum the creditor did not.

■ Alternatively, the Debtor's motion should be denied for failure to submit an affidavit establishing that the Debtor is unable to pay court fees and costs. 28 U.S.C. § 1915(a). In *Fromal*, the Fourth Circuit found the absence of the requisite showing of poverty by affidavit fatal to the debtor's request for in forma pauperis status. *In re Fromal*, 52 F.3d 321, 1995 WL 230253 (4th Cir.1995) (unpublished). Unlike the movant in *Hardy*, who filed an unnotarized "affidavit" of poverty, here the Debtor has failed to submit an affidavit at all. Therefore, I recommend that the Debtor's motion be denied.

For the foregoing reasons, I recommend that the United States District Court for the Southern District of Georgia deny the Debtor's request to pursue an appeal without prepayment of fees because the bankruptcy court, the court charged with the responsibility for collecting the fees, lacks authority to waive the filing fee on appeal. Alternatively, I recommend the Debtor's motion be denied for failure to file the requisite affidavit.